1 | DAVID H. BARTICK
LAW OFFICES OF DAVID H. BARTICK
2 | *Certified Specialist, Criminal Law*
California State Bar No. 126132
3 | 101 West Broadway, Suite 1950
San Diego, California 92101-8220
4 | Telephone: (619) 231-8900
Facsimile: (619) 231-8075
5 | Email: db@barticklaw.com

6 | Attorney for Defendant
Jose Raul Ayala

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Janis L. Sammartino, Judge)

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2431-04-JLS |
|---|---|---|
| Plaintiff, | ) | Date: August 29, 2008 |
| | ) | Time: 1:30 p.m. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS |
| JOSE RAUL AYALA (05), | ) | FOR: |
| | ) | (1) DISCOVERY |
| | ) | (2) DISCLOSURE OF INFORMANT |
| | ) | (3) ATTORNEY *VOIR DIRE* |
| Defendant. | ) | (4) LEAVE TO FILE ADDITIONAL MOTIONS |
| | ) | |

TO: KAREN P. HEWITT, United States Attorney, and to DAVID D. LESHNER, Assistant United States Attorney:

PLEASE TAKE NOTICE that on August 29, 2008, at the hour of 1:30 P.m., or as soon thereafter as counsel may be heard, defendant JOSE RAUL AYALA, by and through his attorney DAVID H. BARTICK, will respectfully move the Court for an order granting the following motions.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

MOTION FOR DISCOVERY

Pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, the *Jencks* Act (18 U.S.C. § 3500), *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the Fourth, Fifth, and Sixth Amendments to the Constitution of the United States, and the general supervisory powers of this Court, hereby moves the Court for an Order compelling the Government to disclose, or in the case of tangible evidence to produce for inspection and copying, all evidence and information in the possession, custody or control of the Government which may be favorable to the defendant, or material on the issue of guilt or innocence, or which could lead to material evidence, or evidence or information which could be useful in the examination of witnesses at trial; and for disclosure and inspection to include, but not limited to, the following:

1. All statements of the defendant, whether before or after indictment, whether recorded or unrecorded, oral or written, signed or unsigned, made to Government agents (including informants) and/or persons other than Government agents who are possible Government witnesses, which are relevant to the crimes charged, either with or without the defendant's knowledge that such persons were Government agents and/or possible Government witnesses at the time said statements were allegedly made.

2. The full and complete extent of any surveillance undertaken with regard to this case, including:

    (a) Any and all such surveillance records;

    (b) Any and all reports on such surveillance;

    (c) Any and all rough notes made with regard to such surveillance;

    (d) The names of the persons conducting or participating in the surveillance, as well as the date, time, place, and object of the surveillance.

3. All business records which the Government intends to introduce at trial, including but not limited to any bank statements or bank books connected to any defendant or co-conspirator or Government witness.

4. The prior criminal record, if any, of the defendant, and a statement as to whether or not the Government intends to use any of the prior criminal record at the trial of the instant case in either its

case-in-chief or for purposes of impeachment. Also, any prior similar acts or prior bad acts that the government intends to introduce into evidence.

    5. The statements of all person the Government expects to call as witnesses at the trial of this cause. In particular, defendant requests any notes taken by any Government personnel of any interview conducted of said informants, or unindicted co-conspirators, so that defendant might have an opportunity to test the validity of their statements. If the statements were oral and given to any Government agent, defendant requests that they be committed to writing.

    6. The statements of all persons having relevant information about this case, whether inculpatory or exculpatory, who the Government does not intend to call at the time of trial.

    7. The name, address, and phone number of all persons the Government intends to call as witnesses at the trial in its case-in-chief. This procedure will facilitate the trial and avoid the request of a continuance at trial so that defense counsel can have an opportunity to investigate the background of the witnesses and prepare appropriate cross-examination.

    8. The names of all person who have given relevant information to the Government about the instant case whom the Government does not intend to call as witnesses at the trial, including all statements, reports, and notes.

    9. The conviction records of all witnesses the Government intends to call in this case-in-chief, or any other evidence which would impeach the credibility of persons whom the Government intends to call as witnesses.

    10. The grand jury testimony of all participating witnesses in and percipient witnesses to the crimes herein charged against the defendant.

    11. Copies of any and all search warrants (including affidavits) in support thereof and inventories listing articles seized when executing said warrants used by the Government to obtain any evidence in the instant case.

    12. An inventory listing all items seized without a warrant, and the location of the seizure, detailing all items seized in the Government's investigation of the instant case.

    13. Copies of any and all raw notes taken by Drug Enforcement Administration ("DEA") agents, Narcotic Task Force agents, United States Customs Officers/Border Patrol, and/or any other

law enforcement personnel, informant(s), or other Government witnesses, regarding observations, negotiations, arrests, seizure of items, or interviews with defendant.

14. The results, including any and all written reports, of any and all laboratory tests conducted by any agents of or on behalf of the Government concerning the examination of physical, photographic, or written evidence connected with the investigation of this case including the identity of all experts consulted for the purpose of examining any real evidence.

15. All books, papers, business records, photographs, logs, notes, tangible objects, and/or documents which are in the possession, custody, or control of the Government, and which are material to the preparation of the defendant's defense against the crimes charged, and/or intended for use by the Government in its case-in-chief, and/or were obtained or belong to the defendant.

16. Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the prosecution or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which is exculpatory in nature or favorable to defendant or which may lead to material which is exculpatory in nature or favorable to defendant, or which tends to negate or mitigate the guilt of defendant, as to the offenses charged, or which would tend to reduce the punishment therefor.

## MOTION FOR DISCLOSURE OF INFORMANT

Defendant contends that he is entitled to disclosure of the informant(s), as it is the defendant's belief that the confidential informants were material witnesses and active participants in the alleged racketeering, drug conspiracy and money laundering operations.

## MOTION FOR ATTORNEY *VOIR DIRE*

Defendant also respectfully requests this Honorable Court share the burden and the privilege of *voir dire* in this case will counsel at least to some minimal extent, if not to delegate it to trial counsel in its entirety.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

As of the date of the writing of this motion, Defendant has received an initial set of discovery from the Government.  It is anticipated that additional discovery will be disseminated by the

1  Government.  Defendant will seek leave of court to file further motions based upon any newly
2  disseminated discovery or other issues which arise subsequent to the filing of these motions.
3       These motions will be based on this Notice; the attached Memorandum of Points and
4  Authorities; other motions filed by other parties in this case; the records and files of the clerk of the
5  court; and, finally, on such other matter properly presented to the court at or before the hearing on
6  these motions.

8  Dated: August 13, 2008                    LAW OFFICES OF DAVID H. BARTICK

10                                           */s/ David H. Bartick*
                                             DAVID H. BARTICK
11                                           Attorney for Defendant
                                             Jose Raul Ayala

DAVID H. BARTICK
LAW OFFICES OF DAVID H. BARTICK
*Certified Specialist, Criminal Law*
California State Bar No. 126132
101 West Broadway, Suite 1950
San Diego, California 92101-8220
Telephone: (619) 231-8900
Facsimile: (619) 231-8075
Email: db@barticklaw.com

Attorney for Defendant
Jose Raul Ayala

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Janis L. Sammartino, Judge)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE RAUL AYALA (04),<br><br>    Defendant. | Criminal Case No. 08CR2431-04-JLS<br><br>Date:  August 29, 2008<br>Time:  1:30 p.m.<br><br>MEMORANDUM OF POINTS AND AND AUTHORITIES IN SUPPORT OF MOTIONS AND MOTIONS FOR:<br>(1) DISCOVERY<br>(2) DISCLOSURE OF INFORMANT<br>(3) ATTORNEY *VOIR DIRE*<br>(4) LEAVE TO FILE ADDITIONAL MOTIONS |

Defendant JOSE RAUL AYALA, by and through his attorney DAVID H. BARTICK, respectfully submits the following Memorandum of Points and Authorities in support of the above-entitled motions.

**STATEMENT OF FACTS**

This Statement of Facts is based upon discovery provided to date by the United States Attorney's Office. Defendant, Jose Raul Ayala expressly reserves the right to contradict, explain or amplify any of the facts mentioned herein at trial.

The underlying indictment alleges that beginning on a date unknown to the grand jury and continuing July 12, 2008, Mr. Ayala and four other codefendants allegedly conspired with each other to distribute 1 kilogram or more of heroin. Specifically it is alleged that Mr. Ayala flew from Portland

Oregon to San Diego, California for the purpose of conspiring to purchase heroin. On July 12, 2008, codefendant Emmanuel Bautista allegedly met with the "source of supply" to negotiate the purchase price of heroin at the rate of $16,000.00 per kilogram. Subsequently, codefendants Emmanuel Bautista and Paul Padilla met with the source of supply in a parking lot, and Padilla took possession of a bag which he allegedly believed to contain multiple kilograms of heroin.

Mr. Ayala was arrested in a nearby parking lot, and he was subsequently transported to the Metropolitan Correctional Center.

## POINTS AND AUTHORITIES

### I

### DISCOVERY

To preserve his rights and guard against undue prejudice due to delay, defendant seeks an order compelling discovery of the following material, and further seeks an order establishing a discovery schedule in this case. Defendant requests full discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure,[1] *Brady v. Maryland*, 373 U.S. 83 (1963), the *Jencks* Act (18 U.S.C. § 3500), and the Fifth and Sixth Amendments of the United States Constitution. For the purposes of Rule 16 discovery and *Brady* the prosecutor "will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). Defendant requests that discovery be completed reasonably in advance of trial so that he can make use of the materials provided in his defense.

This court has the authority to order the government to provide discovery by a certain date and bar the use of any evidence not disclosed after that date. This authority is expressly conferred under Rule 16(d)(2) and has been upheld in a number of cases. *See, e.g. Taylor v. Illinois*, 484 U.S. 400 (1988) (exclusion of surprise defense witness for discovery violation does not violate defendants rights); *United States v. Aceves-Rosales*, 832 F.2d 1155 (9th Cir. 1987) (not abuse of discretion to bar defense use of evidence discovered and subpoenaed the day before trial but not disclosed until after

---

[1] Unless otherwise indicated, all further rule references will be to the Federal Rules of Criminal Procedure.

1  government had rested in violation of Rule 16); *United States v. Burgess*, 791 F.2d 676 (9th Cir. 1986) (government barred from making any use, including use for impeachment, of non-disclosed inculpatory statement made to DEA agent). The Court's authority to enforce such orders against the government by excluding evidence is beyond dispute. *United States v. Roybal*, 566 F.2d 1109, 1110-11 (9th Cir. 1977); *see also United States v. Gatto*, 763 F.2d 1040, 1046-47 (9th Cir. 1985); *United States v. Schwartz*, 857 F.2d 655 (9th Cir. 1988). A discovery schedule is authorized by Rule 16(d)(2) and will serve to avoid delay, conserve scarce judicial resources, prevent surprise, and further the search for truth at trial. This Court should therefore impose a discovery schedule and bar the introduction of evidence not disclosed by that date. Defendant seeks discovery of the following:

   A. <u>Statements of the Defendant</u>.

Pursuant to Rule 16(a)(1)(A), defendant requests full discovery concerning any statements made by him. The rule requires disclosure of any statement of the defendant's in the possession of the government in any form. It also requires disclosure of any portion of any report or other written record containing the substance of a statement by the defendant made to a known government agent, and the substance of any other statement made by the defendant to a known government agent which the government intends to use at trial for any purpose.

   B. <u>Request for Criminal Record, Prior Bad Acts, and Notice Under Rule 404(b) of the Federal Rules of Evidence</u>.

Defendant requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or any prior similar acts or prior bad acts of defendant. The defendant's prior criminal record must be produced under Rule 16(a)(1)(B). Evidence of prior similar acts or prior bad acts is discoverable under Rule 16(a)(1)(C), and Rules 404(b) and 609 of the Federal Rules of Evidence. *See United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979) (en banc), *cert. denied*, 444 U.S. 1034 (1980). Pursuant to Federal Rule of Evidence 404(b), defendant specifically requests notice concerning any evidence the government plans to introduce against him under Rule 404(b) and any prior or subsequent act relating to a specific instance of conduct which the government will attempt to introduce under Federal Rule of Evidence 608(b).

C. <u>Other Documents and Physical Evidence</u>.

Pursuant to Rule 16(a)(1)(C), defendant requests full discovery of all physical and documentary evidence and objects, including but not limited to all books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to introduce as evidence in its case-in-chief, or is material to the preparation of the defense, or was obtained from the defendant or which the government claims belong to the defendant.

D. <u>Scientific Reports and Examination</u>.

Pursuant to Rule 16(a)(1)(D), defendant requests full discovery of all scientific tests or experiments and results of physical or mental examinations which are material to the defense or are to be used as evidence by the government at trial. The government must also give the defense adequate notice of the use of the scientific tests or expert witnesses in order that the defense has "adequate time to obtain an expert to assist him in attacking the findings of the government's . . . expert." *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983).

E. <u>Witness Discovery</u>.

Defendant requests disclosure of any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985). Defendant also requests the criminal records of government witnesses in order to explore the issue of bias. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989); *United States v. Alvarez-Lopez*, 559 F.2d 1155, 1157 (9th Cir. 1977).

Defendant further requests that the government review for impeachment material the personnel files of any agents it intends to produce as witnesses. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *Henthorn* requires that all material information should be disclosed, and any information which is arguably material should be submitted to the Court for *in camera* examination. *Id.* at 30-32.

Defendant requests disclosure of any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

1  *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

   F.  <u>Preservation of *Jencks* Act Material</u>.

   Defendant requests that the government preserve all rough notes and other materials arguably subject to production under Title 18, United States Code, Section 3500 (the "*Jencks* Act") or under Rules 12(I) or 26.2.  The government is placed on notice that all such materials will be requested by the defense concerning any government witness called to testify at trial, and all law enforcement witnesses who testify, regardless of by whom called, at all pretrial proceedings.

   The government is also placed on notice that the defense will seek *in camera* review of all such materials which the government claims are not subject to production, and that such material must be preserved.  *See United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).  Recognizing that such materials, with the exclusion of materials producible under *Brady v. Maryland*, 373 U.S. 83 (1963), are not subject to production until the close of the witness's testimony, the defense nonetheless asks that such material be disclosed reasonably in advance of the relevant hearing so as not to unduly delay the proceedings.

   G.  <u>Disclosure Concerning Informants and Percipient Witnesses</u>.

   Defendant requests discovery concerning all informants who were percipient witnesses to any of the counts alleged against him, or who otherwise participated in the illegal conduct alleged against the defendant, and disclosure of each informant's identity and location, as well as disclosure of the existence of any other percipient witnesses unknown or unknowable to the defense.  *See Roviaro v. United States*, 353 U.S. 52, 61-62 (1957); *United States v. Ordonez*, 737 F.2d 793, 808 (9th Cir. 1984).  The identity and whereabouts of all informants should be disclosed so that defendant has the opportunity to investigate the credibility and background of the informant prior to trial and to possibly call the informant as a witness at trial.  Furthermore, defendant specifically requests that the government produce the confidential informants.  The government has an obligation to accomplish this or show that despite reasonable efforts, it was not able to do so."  *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc).

   Furthermore, any information derived from informants that exculpates or tends to exculpate the defendant, or furnishes sentencing mitigation must also be disclosed.  In addition, the government

must also disclose any information indicating bias on the part of an informant, generally known as *Giglio* material, *see Giglio v. United States*, 405 U.S. 150 (1972), and the line of cases concerning discovery of material bearing on informant credibility. Such information would include what, if any, inducements, favors, or payments were made to informants to obtain his or her cooperation with the government.

H. <u>Other Exculpatory Evidence</u>.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the defendant moves that the Court order the government to immediately disclose all evidence in its possession favorable to him on the issue of guilt or to punishment. The defendant requests the Court order the government to make a diligent effort to ascertain what evidence it has or might reasonably discover which would create a reasonable doubt as to the defendant's guilt in the mind of the trier of fact, and to surrender any such evidence to the defendant immediately upon its discovery. *Hilliard v. Spalding*, 719 F.2d 1443 (9th Cir. 1983) (government suppression of possible exculpatory evidence denied defendant due process; no showing of prejudice required); *United States v. Gardner*, 605 F.2d 1076 (9th Cir. 1980).

This request includes the statements of any third persons, whether a government agent, witness, or otherwise, which tends to exculpate the defendant from the charges contained in the indictment.

**II**

**DISCLOSURE OF INFORMANTS**

THE GOVERNMENT MUST DISCLOSE THE IDENTITY AND WHEREABOUTS OF THE CONFIDENTIAL INFORMANTS AND PROVIDE THE DEFENSE WITH PRETRIAL ACCESS TO ANY SUCH INFORMANTS.

In *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court held that a confidential informant's identity must be disclosed when the informant's identity or the contents of the informant's communication is relevant and helpful to the accused's defense, or is essential to the fair determination of the cause. *Id*. at 60-61. In *Roviaro* the Court noted that the privilege to withhold from disclosure the identity of informants is the Government's privilege rather than the informant's privilege. *Id*. at 59. The purpose of the privilege is to further and protect the public interest in effective law enforcement by encouraging citizens to tell law enforcement officials

about crimes and by preserving anonymity. *Id*. However, the scope of the privilege is limited by its underlying purpose. *Id*. at 60. One limitation arises from the fundamental requirements of fairness. As stated by the Court:

> Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

353 U.S. at 60-61 (footnote omitted).

The Court in *Roviaro* believed, however, that there can be no fixed rule with respect to disclosure of an informant. *Id*. at 62. Rather, the court must balance the public interest in protecting the flow of information against the defendant's right to prepare his defense. *Id*. The court should consider the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. Id.

In *Roviaro* the Court noted that the informer for the government was the sole participant, other than the defendant, in the herein transaction charged. *Id*. at 64. The informer was the only witness who was in a position to amplify or contradict the testimony of government witnesses. *Id*. The Court thus concluded that the trial court committed prejudicial error in permitting the government to withhold the identity of the informer despite repeated demands by the defendant for his disclosure. *Id*. at 65.

The Ninth Circuit has interpreted the "relevant and helpful" language of *Roviaro* as requiring disclosure of the identity of an informant when the informant was a percipient witness. In *United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976) (en banc), the court stated:

> The Government acknowledges that the informant was a percipient witness to the transaction. It therefore supplied Cervantes with the informant's identity. *See Roviaro v. United States* . . . .

In *United States v. Hernandez*, 608 F.2d 741 (9th Cir. 1979) the court also recognized that the informer percipient witness, a man named Smith, must be disclosed. The court stated:

> In light of Smith's role in the narcotic transaction with which the appellants were charged, it cannot be said that disclosure of Smith's identity would not have been "relevant and helpful" to the appellants' defense. . . Because Smith was a participant in the events that were critical to the prosecution's case, no claim could be raised under *Roviaro*, nor was it raised, that Smith's identity could be lawfully withheld from the appellants.

*Id*. at 744-745.  See also *United States v. Bonilla*, 615 F.2d 1662, 1264 (9th Cir. 1980) (defendant entitled to learn the informant's identity because the informant was a percipient witness to the criminal transaction underlying his conviction).

When an informant's testimony is essential to a fair determination of a cause, the government may be required to disclose the informant's identity and address. *United States v. Roberts*, 388 F.2d 646, 6480649 (2nd Cir. 1968).  Thus, for example, the court has discretion to compel disclosure of an informant's identity even when use of the informant goes only to probable cause. *See United States v. Anderson*, 509 F.2d 724, 729 (9th Cir. 1974).

In the present case, it is apparent that there were one or more informants who provided information to the United States Government.  At the writing of this motion, the Defense has been provided with a very minute amount of discovery, when contrasted with the discovery that will eventually be disseminated in this case.  It is therefore respectfully respected that the undersigned be given leave of court to further develop this argument once discovery is provided to the Defense.

### III

### COUNSEL SHOULD BE ALLOWED TO PARTICIPATE IN THE JURY *VOIR DIRE* WITH THE COURT

Pursuant to Rule 24(a), Federal Rules of Criminal Procedure; and in accordance with the language and sentiments of *United States v. Ible*, 630 F.2d 389 (5th Cir. 1988); *United States v. Ledee*, 549 F.2d 990 (5th Cir. 1977); and *United States v. Mutchler*, 559 F.2d 955 (5th Cit. 1977), defendant's motion permitting attorney *voir dire* in the case should be granted, whether in whole or in part.

An important function of *voir dire* examination is to elicit information which could serve as the bases of challenges for cause.  Second, the process facilitates more intelligent use of peremptory challenges. Third, the *voir dire* permits introduction to potential jurors not only the parties and counsel, but the general principles of case as well; as such, it has traditionally been viewed as the time to establish rapport. LaFave, *Criminal Procedure* (1985 ed.) §21.3, at 840.

### IV

### DEFENDANT SHOULD BE GRANTED LEAVE TO FILE ADDITIONAL MOTIONS

As of the filing of this motion, the Defense has been provided with approximately 31 pages of discovery from the Government. The production of additional discovery will demonstrate the need for filing other motions. Accordingly, premised upon the dissemination of additional discovery, it is requested that the defendant be given an opportunity to file appropriate motions at a later date.

## CONCLUSION

For all of the foregoing reasons JOSE RAUL AYALA, by and through his attorney DAVID H. BARTICK, respectfully requests that the above-entitled motions be granted.

Dated: August 13, 2008                                    LAW OFFICES OF DAVID H. BARTICK


                                                          */s/ David H. Bartick*
                                                          DAVID H. BARTICK
                                                          Attorney for Defendant
                                                          Jose Raul Ayala

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSE RAUL AYALA (04),<br><br>　　　　Defendant. | Criminal Case No. 08CR2431-04-JLS<br><br><br>PROOF OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

　　　I, DAVID H. BARTICK, am a citizen of the United States and am at least eighteen years of age. My business address is 101 West Broadway, Suite 1950, San Diego, California 92101-8220.

　　　I am not a party to the above-entitled action. I have caused service of **Notice of Motion and Motion for Discovery, Disclosure of Informant, Attorney Voir Dire and Leave to File Additional Motions and Points and Authorities** on the following party by electronically filing the foregoing with the Clerk of the District Court using the ECF System, which electronically notifies the following individuals:

　　　David D. Leshner, david.leshner@usdoj.gov

　　　Robert A Garcia   robertim@pacbell.net

　　　Timothy R Garrison   Timothy_Garrison@fd.org, Sylvia_Freeman@fd.org

　　　Wendy S Gerboth   wendysgerboth@hotmail.com

　　　Stephen W Peterson   swplaw@sbcglobal.net

　　　I declare under penalty of perjury that the foregoing is true and correct. Executed on August 13, 2008.

　　　　　　　　　　　　　　　　　　　　　　　/s/ *David H. Bartick*　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　DAVID H. BARTICK